1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph Forbes, et al., | No. 08-cv-00884-PHX-ROS |
| Plaintiffs, | **ORDER** |
| vs. | |
| 21st Century Insurance Co., et al., | |
| Defendants. | |

Pending before the Court is the parties' Joint Position Statement Re Discovery Disputes (Doc. 93.) The parties agreed to bifurcated discovery, with a first phase primarily focused on resolving selected legal issues that might permit early resolution of the case. At Plaintiffs' request, Plaintiffs were allowed limited additional discovery regarding whether Defendants had acted in "bad faith."

The current Joint Position Statement (Doc. 93) submits four disputes, which this order now resolves. However, the Joint Position Statement's excessive length violates this Court's Discovery Dispute Instructions,[1] and also violates the Court's Amended Rule 16 Scheduling Order which states: "Should a discovery dispute arise [which Counsel cannot resolve between themselves,] they are directed to jointly file and fax . . . a joint statement of the

---
[1] available at http://www.azd.uscourts.gov/azd/contacts.nsf/Orders

issue(s), limited to one page per issue." (Doc. 28 at 3.) Because of the complexity of the issues presented, the Court will overlook the violation this time, but expects the parties will not violate the Court's orders in the future.

## I. The Scope of Written Discovery in Phase One

The parties dispute how much discovery each can make regarding the "bad faith" claim against Defendants. Plaintiffs and Defendants have each made discovery requests concerning the claim of "bad faith" that the other party has objected to as premature under the phased discovery order. Defendants state that they may have additional substantive objections that they have not raised at this time, and Defendants request that they be allowed to present those objections should the court find that Plaintiffs' requests are not premature.

Because the "bad faith" issue was not an issue selected for potential resolution after the first phase of discovery, and in the interest of an efficient and timely resolution of this case, further discovery related to "bad faith" shall be postponed until phase two of discovery. Parties may raise additional objections once phase two of discovery begins.

## B. Use of Depositions from Earlier Actions

Plaintiffs seek to admit into evidence depositions from earlier actions related to this case. Such a deposition may be used only if the later action "involv[es] the same subject matter between the same parties, or their representatives, or successors in interest." Fed. R. Civ. Proc. 32(a)(8). Defendants object that the previous actions did not concern the same subject matter or the same parties.

The parties' dispute over the admissibility of these documents is not a discovery dispute. Therefore, no ruling on these documents will be made at this time. Defendant has leave to object to the introduction of these documents into evidence at the appropriate time and in the appropriate manner.[2]

---

[2] While the Court will not rule on these documents, the briefings raise serious doubts about their admissibility. Plaintiffs have not shown that Defendants were parties to the earlier actions, and critically, the issues of "bad faith" and breach of contract, which are potentially dispositive here, do not seem to have been raised in those earlier actions.

## C. Plaintiff's Post-Deadline Disclosures

The Rule 16 Order set a final supplemental disclosure deadline of May 15, 2009 for the first phase of discovery. Plaintiff has submitted five supplemental disclosures (Plaintiff's fifth through ninth) after that date. (Docs. 64, 78 and 85-87.) Defendant requests that Plaintiff be precluded from using the documents or witnesses disclosed in these disclosures during the briefing of "phase one" motions, or during the trial.

As an initial matter, a duty to disclose is not synonymous with a duty to produce. While some sections of Rule 26 require information be both disclosed and produced,[3] Rule 26(a)(1)(A)(ii) only requires parties to provide notice regarding documents:

> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> * * *
> (ii) a copy–*or a description by category and location*–of all documents, electrically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Rule 26(a)(1) (emphasis added). Rule 26(a)(1)(A)(ii) does not require parties to produce documents; other parties are "expected to obtain the documents under Rule 34 or through informal requests.[4]" Fed.R.Civ.P. 26(a)(1) advisory committee note (1993 amendments); see also Perfumania, Inc. v. Fashion Outlet of Las Vegas, LLC, 2006 WL 3040914, at 2 (D. Nev. 2006) (denying a motion *in limine* to strike unproduced documents which were disclosed in compliance with Rule 26(a)(1) but for which no motion to compel production had been filed). However, Counsel is reminded that the Federal Rules of Civil Procedure impose on the Court an affirmative duty to "ensure that civil litigation is resolved not only fairly, but

---

[3] See, e.g., Rule 26(a)(1)(A)(i) requires that a list of potential witnesses be produced, and Rule 26(a)(1)(A)(iii) requires the production of a calculation of damages along with notice of the evidentiary materials underlying that calculation.

[4] Note that before the 2007 amendments renumbered the rule, Rule 26(a)(1)(A)(ii) was Rule 26(a)(1)(B).

without undue cost and delay. As officers of the court, attorneys share this responsibility."
Fed. R. Civ. P. 1 advisory committee note (1993 amendments)). Furthermore, Plaintiffs' characterization of the requirements imposed by the rules as "technicalit[ies]" do not excuse Plaintiffs' noncompliance with the Rules.

Turning to the disputed disclosures, Plaintiffs admit that Plaintiffs' Fifth Supplemental Disclosure (Doc. 64) is not relevant to phase one. Defendants are entitled to rely on that admission, therefore Plaintiffs are forbidden to use the material in the Fifth Supplemental Disclosure in motions preceding phase 2 of discovery. Defendants allege that five photographs produced in the disclosure were not previously disclosed, and Plaintiffs do not dispute this. Plaintiffs neither offer a justification for the late disclosure, nor do they attempt to meet their burden of showing that late disclosure is harmless, see Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001) (holding that the party violating Rule 26(a)(1) has the burden of demonstrating that the violation was harmless). Because the late disclosure of the family photographs violated Rule 26(a)(1)(A)(ii), Plaintiffs' use of those photographs is prohibited by Rule 37(c)(1), which states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless.

Fed. R. Civ. Pro. 37(c)(1).[5]

Plaintiffs state that the information in Plaintiffs' Sixth Supplemental Disclosure (Doc. 78) was already timely disclosed. Defendants object that Plaintiffs disclosed they would use all the documents from a prior lawsuit and are now "cherry picking" those documents by only now producing the particular documents Plaintiffs intend to rely on. Defendants insist Plaintiffs had a duty to produce the documents earlier. Defendants objection has no basis. Plaintiffs only had a duty to notify Defendants of the documents they might use, and

---

[5] Because Plaintiffs had no duty to produce the photographs unless requested to, Defendants' objection based on production after the deadline has no merit.

- 4 -

Defendants were obliged to request production of the documents if they desired it. Perfumania, 2006 WL 3040914, at 2.

Plaintiffs' Seventh Supplemental Disclosure (Doc. 85) includes a certified copy of a document from a related probate case. Plaintiffs first disclosed the probate case and the disputed document, and provided an uncertified copy of it to Defendants, on the last day of discovery. Defendants state that Plaintiffs have provided no justification for failure to initially disclose the documents from the probate case, and Plaintiffs do not dispute the point. Further, Plaintiff fails to show that the last-minute disclosure was harmless. Plaintiffs failure to initially disclose these documents violates Rule 26(a)(i)(A)(ii), and absent a justification for that failure, supplementation under Rule 26(e) does not excuse the violation. See Finley v. Hartford Life and Accident Ins. Co., 249 F.R.D. 329, 332 (N.D. Cal. 2008). Accordingly, since Plaintiff has neither justified the violation nor shown it to be harmless, Plaintiffs' use of the probate court documents is prohibited by Rule 37(c)(1).

Plaintiffs' Eighth Supplemental Disclosure (Doc. 86) concerns a witness named "Lisa," an employee at Progressive Insurance Company. Plaintiffs contend that "Lisa" is referred to in several pre-deadline documents. But Defendants allege and Plaintiffs do not dispute that "Lisa" was not timely disclosed as a witness. Plaintiffs offer no explanation for why they could not or did not disclose "Lisa" in a timely fashion, and do not show that the late disclosure was harmless. Plaintiffs' disclosure of "Lisa" is therefore in violation of Rule 26(a)(1)(A)(I), and Plaintiffs' use of "Lisa" as a witness must be prohibited. Rule 37(c)(1).

Defendants characterize Plaintiffs' Ninth Supplemental Disclosure (Doc. 85) as untimely and as containing improper content. Plaintiffs contend that the documents produced in the disclosure were informally sent to Defendants at some unspecified time during April of 2009.[6] Plaintiffs admit they have long had possession of these documents. Plaintiffs offer no justification for first disclosing these documents, even informally, so close to the end of

---

[6] Plaintiffs' ambiguity regarding a date they should be able to precisely identify leads the Court to construe that ambiguity against Plaintiffs. Plaintiffs' "April 2009" email could have occurred on April 30, 2009: the day before the close of discovery.

- 5 -

discovery. Nor does Plaintiff adequately demonstrate that the late disclosure was harmless. Plaintiffs have therefore failed to timely disclose these documents in violation of Rule 26(a)(1)(A)(I), and Plaintiffs' use of these documents must be prohibited. Rule 37(c)(1).

### D. Use of Documents Previously Held to be Privileged

The case file of Mark Fullerton, an attorney in one of the previous cases, was held to be privileged material that cannot be used in this case. (Doc. 89.) Defendants therefore requested that Plaintiffs amend Plaintiffs' discovery responses to eliminate any reliance on the information in those files. Plaintiffs object that doing so would be unreasonable and unduly burdensome, but do not explain that conclusion. Defendants argue that Fed. R. Civ. Proc. 26(b)(5) clearly prohibits use of privileged information, and that discovery responses that rely on the privileged information constitute such a use. Plaintiffs do not dispute this position, instead insisting that they are compliant with the "intent and spirit" of Rule 26.

The text of Rule 26 clearly prohibits any use of privileged information. Plaintiff's discovery responses therefore cannot use the privileged information. Any such responses that Plaintiffs made before the information was held privileged must therefore be amended so as to no longer use or rely on that information.

Defendants also request that the Joint Case Management Plan be amended to eliminate any references to the Fullerton documents. Accordingly, Defendants are ordered to submit a proposed amended Joint Case Management Plan which eliminates all such references.

Accordingly,

**IT IS ORDERED** that all further discovery regarding the "bad faith" claim is postponed until phase two of discovery.

**FURTHER ORDERED** that Plaintiff's use of the five family photographs in Plaintiffs' Fifth Supplemental Disclosures (Doc. 64) is prohibited.

**FURTHER ORDERED** that Plaintiffs' use of the documents from the probate case disclosed in Plaintiffs' Seventh Supplemental Disclosures (Doc. 85) is prohibited.

**FURTHER ORDERED** that Plaintiffs' use of the witness "Lisa" in Plaintiffs' Eighth Supplemental Disclosures (Doc. 86) is prohibited.

**FURTHER ORDERED** that Plaintiffs' use of the documents disclosed in Plaintiffs' Ninth Supplemental Disclosures (Doc. 87) is prohibited.

**FURTHER ORDERED** that Plaintiffs will amend their discovery responses to eliminate all use of or reliance on information from the privileged Fullerton files.

**FURTHER ORDERED** that Defendants will submit a proposed Joint Case Management Plan amended to remove all references to the privileged Fullerton files.

DATED this 30th day of July, 2009.

Roslyn O. Silver
United States District Judge